WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Madison Power, a minor, by and through Kelly and Lisa Power, her parents and guardians,<br><br>Plaintiff,<br><br>vs.<br><br>Gilbert Public Schools, *et al.*,<br><br>Defendants. | No. CV 07-2584-PHX-JAT<br><br>**ORDER** |

Defendants have filed two separate Motions to Dismiss. In the first Motion (Doc. #15), Defendants argue that the Court should dismiss Plaintiff's §1983 claims because Title IX preempts the §1983 claims. In the second Motion (Doc. #27), Defendants move to dismiss the Title IX claims against the individual Defendants. The Court will grant in part and deny in part the first Motion and will grant the second Motion.

**I. BACKGROUND**

Plaintiff, a high school student-athlete, claims that she suffered retaliation after she reported sexual harassment by an assistant coach. (Doc. #15 at 2.) She seeks relief pursuant to Title IX's private remedy and under 42 U.S.C. § 1983 for violations of Title IX and her

constitutional rights to free speech, equal protection, and due process.  (Doc. # 1 at 7–8.)

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997).  Further, the Court must construe the facts alleged in the complaint in the light most favorable to the Plaintiff and the Court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, Plaintiff must still meet the pleading requirements of FED.R.CIV.P. 8.  Under FED.R.CIV.P. 8, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Thus, if the complaint fails to state a theory under which Plaintiff may recover, dismissal under 12(b)(6) is appropriate.

## III. FIRST MOTION TO DISMISS - §1983 PREEMPTION

### A. Preemption Doctrine

Section 1983 provides in relevant part that "[e]very person who, under color of [state law,] subjects . . . any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  This provision "means what it says" in that it provides a cause of action for violations of federal rights granted either by the Constitution or by federal statutes.  *Maine v. Thiboutot*, 448 U.S. 1, 3–4 (1980).  But exceptions exist.  For instance, statutes with "unusually elaborate" enforcement provisions can show Congress's intent to preempt § 1983 claims.  *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981).  This limitation "ensures that plaintiffs cannot circumvent the idiosyncratic requirements of a particular remedial scheme by bringing a separate action to enforce the same right under section 1983."  *Fitzgerald v. Barnstable School Comm.*, 504 F.3d 165, 176 (1st Cir. 2007) (internal citations omitted).

In evaluating whether a § 1983 remedy exists for the violation of a right granted by a particular statute, there is "a rebuttable presumption that the right is enforceable under § 1983."  *Blessing v. Freestone*, 520 U.S. 329, 341 (1997).  To defeat this presumption, the

defendant must show that Congress did not intend § 1983 as a remedy for the right created by the statute. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 120 (2005). They may do so by citing Congress's express intent in the statute or by inferring intent from "the statute's creation of a 'comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.'" *Id.* (quoting *Blessing*, 520 U.S. at 341). The difference between cases where a § 1983 action was permitted and when it was not has been "the existence of a more restrictive private remedy for statutory violations." *Id.* at 121.

Courts use a two-prong test to determine if the *Sea Clammers* doctrine preempts § 1983 claims based on a violation of a constitutional right. *Smith v. Robinson*, 468 U.S. 992, 1009 (1984). First, the § 1983 claims must be "virtually identical" to the plaintiff's statutory claims. *Id.* Second, the defendant must show that "Congress intended that the [statute] be the exclusive avenue through which a plaintiff may assert those claims." *Id.*

### B. Title IX Claims under § 1983

The Ninth Circuit has not addressed whether Title IX preempts § 1983 claims under the *Sea Clammers* doctrine. Other circuit courts have split on this question. Four circuits have found that Title IX precludes § 1983 claims based on a violation of the statute. *See Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165 (1st Cir. 2007); *Bruneau ex rel. Schofield v. South Kortright Cent. Sch. Dist.*, 163 F.3d 749 (2d Cir. 1998); *Waid v. Merrill Area Pub. Sch.*, 91 F.3d 857 (7th Cir. 1996); *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779 (3d Cir. 1990). While other circuits have held that a § 1983 claim may lie for a Title IX violation. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676 (6th Cir. 2006); *Crawford v. Davis*, 109 F.3d 1281 (8th Cir. 1997); *Seamons v. Snow*, 84 F.3d 1226 (10th Cir. 1996), *aff'd in part, rev'd in part*, 206 F.3d 1021 (10th Cir. 2000); *Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995).

The main issue separating the two approaches is whether to consider Title IX's private damages remedy, which the Supreme Court implied in *Cannon v. University of Chicago*, 441 U.S. 677, 703 (1979), when analyzing Congress's intent. The circuit courts that have held against preemption have found that the implied private remedy does not show that Congress

1 intended to preclude recovery under § 1983 because the remedy does not appear expressly
2 in the statute. *See, e.g.*, *Communities for Equity*, 459 F.3d at 686. "The only enforcement
3 mechanism expressly authorized in Title IX is the withdrawal of federal funds." *Id.* (*citing*
4 *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 723 (6th Cir. 1996)). Further, the
5 Supreme Court's holdings that Title IX contains both an implied private right of action in
6 *Cannon* and an implied damages remedy in *Franklin v. Gwinnett County Pub. Schs.*, 503
7 U.S. 60, 76 (1992) "indicate[] that the sole express enforcement mechanism contained in
8 Title IX is not exclusive." *Crawford v. Davis*, 109 F.3d 1281, 1284 (8th Cir. 1997). These
9 circuit courts therefore hold that Title IX does not have a "comprehensive enforcement
10 scheme that is incompatible with individual enforcement," which is required to maintain an
11 inference of Congress's intent to preempt a § 1983 remedy. *Rancho Palos Verdes*, 544 U.S.
12 at 120.

13 The circuits that have held that Title IX preempts a § 1983 remedy reason that courts
14 must consider Title IX's implied private right of action when attempting to discern
15 Congress's intent regarding the exclusivity of Title IX's remedies. *See Fitzgerald*, 504 F.3d
16 at 177. And the existence of a private judicial remedy often has been in effect "the dividing
17 line between those cases in which [the Court has] held that an action would lie under § 1983
18 and those in which we have held that it would not." *Rancho Palos Verdes*, 544 U.S. at 121.

19 The key to the *Sea Clammers* doctrine is what Congress intended. *Fitzgerald*, 504
20 F.3d at 177. Courts can discover Congress's intent not only from express provisions in a
21 statute, but also from the structure of the statute and the legislative history. *Id.* In *Cannon*,
22 after a thorough review of Title IX's legislative history, the Supreme Court determined that
23 Congress intended to "authoriz[e] an implied private cause of action for victims of the
24 prohibited discrimination." *Cannon*, 441 U.S. at 703. Therefore, as the First Circuit held,
25 "this private right of action must be considered as part of the warp and woof of Title IX's
26 overall remedial scheme for purposes of preclusion analysis." *Fitzgerald*, 504 F.3d at 177.

27 The Court considers the decisions of the First, Second, Third, and Seventh Circuits
28 more persuasive than those of the other circuits because the cases finding §1983 preemption

- 4 -

1    more closely align with Supreme Court precedent. The central question in the *Sea Clammers*
2    doctrine is what Congress intended, and Supreme Court precedent provides ample guidance
3    regarding Congress's intent with respect to Title IX. *Cannon* held that Congress intended
4    Title IX to have a private remedy. And *Rancho Palos Verdes* held that a private right of
5    action is "ordinarily an indication that Congress did not intend to leave open a more
6    expansive remedy under § 1983." 544 U.S. at 121.

7    Because Title IX has an extensive administrative remedy and allows for a private right
8    of action, the Court holds that Congress intended Title IX to preempt §1983 causes of action
9    for Title IX or identical violations. The Court therefore dismisses the §1983 claims based
10   on Title IX violations against the federal-funding recipient and individual Defendants in their
11   official capacities.

### C. Constitutional Claims under § 1983

13   The Ninth Circuit also has not decided whether § 1983 claims for constitutional
14   violations related to statutory claims preempted under the *Sea Clammers* doctrine are
15   likewise preempted. That issue hinges upon the two-prong test in *Smith v. Robinson*: 1)
16   whether the claims are "virtually identical," and 2) whether Congress intended the statute to
17   be the "exclusive avenue" for relief. 468 U.S. at 1009.

18   The circuits do not agree on whether Title IX should preempt §1983 claims for
19   constitutional violations was well as statutory violations. *Compare Lillard*, 76 F.3d at 723
20   (holding that plaintiff's constitutional claims were "wholly independent, and totally distinct"
21   from statutory claims), *and Fitzgerald*, 504 F.3d at 179 (holding that plaintiff's Equal
22   Protection claim was "virtually identical to their claim under Title IX"). The circuits are split
23   on whether Congress intended Title IX to be the exclusive avenue of relief for such
24   constitutional claims. *Compare Lillard*, 76 F.3d at 723 ("there is no evidence in Title IX that
25   Congress intended to foreclose a § 1983 action by providing an exclusive remedy within
26   Title IX.") *and Fitzgerald*, 504 F.3d at 179 ("Congress saw Title IX as the sole means of
27   vindicating the constitutional right to be free from gender discrimination perpetrated by
28   educational institutions . . . .").

- 5 -

1 The Court agrees with the reasoning in *Fitzgerald* and finds that Title IX preempts 2 Plaintiff's equal protection claim against school officials and the school district. Plaintiff's 3 equal protection claim seeks to enforce her right to freedom from gender discrimination by 4 educational institutions—the very same right that Congress intended to protect with Title IX. 5 *See Cannon*, 441 U.S. at 703. As in *Fitzgerald*, the factual predicates for the statutory and 6 constitutional claims are the same in the present case. 504 F.3d at 179. And, as stated *supra*, 7 the Court finds that Congress intended Title IX to be the comprehensive avenue for relief 8 against educational institutions for gender discrimination. *See Cannon*, 441 U.S. at 703. 9 Thus, Plaintiff's claims meet both prongs of the *Smith* case's preemption criteria. The §1983 10 equal protection claims against the funding recipient and its officials therefore cannot 11 survive.

12 Under similar reasoning, the Court finds that Title IX does not preempt Plaintiff's 13 other constitutional claims. Congress intended Title IX to address gender discrimination by 14 educational institutions, but Plaintiff's other claims—free speech and due process—do not 15 seek to enforce rights identical to those protected by statute. It is not clear that Congress 16 intended to enforce these kinds of rights against educational institutions exclusively through 17 Title IX. Thus, these claims do not satisfy either factor under *Smith*. The Court therefore 18 denies the motion to dismiss with regard to Plaintiff's §1983 claims for violation of free 19 speech and due process.

20 **D.    §1983 Claims Against Non-Policy Making Individuals**

21 Plaintiff argues that even circuits that generally have held Title IX preempts certain 22 constitutional claims have recognized an exception for claims against individual malefactors 23 who do not make policy or practice decisions for the federal fund recipient. (Doc. # 20 at 24 12–13.) A Title IX claim for damages lies only against a recipient of federal funds. *See,* 25 *e.g., Williams v. Bd. of Regents of Univ.*, 477 F.3d 1282, 1293 (11th Cir. 2007). Therefore, 26 when a plaintiff bases a Title IX claim for damages on the behavior of a teacher or some 27 other employee of the Title IX recipient, the plaintiff must prove that an official of the federal 28 fund recipient who at least had authority to institute corrective measures had actual

- 6 -

knowledge of, and was deliberately indifferent to, the teacher's misconduct. *Delgado v. Stegall*, 367 F.3d 668, 671 (7th Cir. 2004).

If Title IX preempted all §1983 constitutional claims against individual wrongdoers, that would leave a plaintiff who suffered harassment at the hands of a teacher or other ordinary employee with no remedy if an official with the requisite authority at the school did not both know about and disregard the misconduct of the teacher. As expressed by the Seventh Circuit in *Delgado*:

> Title IX, especially having been interpreted in *Canon* to provide a damages remedy, furnishes all the relief that is necessary to rectify the discriminatory policies or practices of the school itself. But it is quite otherwise in a case such as this, in which the malefactor is a teacher whose malefaction is not a policy or a practice for which the school could be held liable under Title IX. In *Bruneau, Crawford*, and *Lillard*, teachers were named as section 1983 defendants along with school officials, but nothing was made fo the distinction between the two types of defendant. The distinction is crucial. The only possible effect of applying the sea-clammers doctrine to this case would be to immunize [individual defendant] from liability for his federal constitutional tort.

*Id.* at 674.

The Court finds that Congress cannot have intended to deprive a student of any remedy for the unconstitutional conduct of a non-policy-or-practice maker where an official of the educational institution either did not know of the conduct or did not disregard the conduct. The Court therefore holds that Title IX does not preempt §1983 claims against defendants acting in an individual capacity. At this stage in the proceedings and on this record, the Court cannot determine which defendants acted in an official capacity and which acted in an individual capacity. Thus, the Court denies the Motion to Dismiss the §1983 claims with regard to claims against all defendants sued in their individual capacity.

**IV.   Second Motion to Dismiss - Title IX Claims Against Individuals**

In their Second Motion to Dismiss, Defendants ask this Court to dismiss the Title IX claims against all individuals. As stated earlier in this Order, only the educational institution itself -the federal fund grant recipient-can be a defendant in a suit under Title IX. *See, e.g.*, *Williams*, 477 F.3d at 1293; *Delgado*, 367 F.3d at 672; *Kinman v. Omaha Pub. School Dist.*,

171 F.3d 607, 609-11 (8th Cir. 1999). Plaintiff does not dispute that she cannot recover against the individuals under Title IX. Rather, she argues she did not intend to sue the individual defendants under Title IX. Because both Plaintiff and Defendants agree that she cannot sue the individual defendants under Title IX, the Court will grant the Second Motion to Dismiss. To the extent Plaintiff asserts Title IX claims against the individual defendants, those claims are dismissed.

Accordingly,

**IT IS ORDERED** granting Defendants' motion to dismiss Plaintiff's § 1983 claims (Doc. # 15) against Gilbert Public Schools and other defendants in their official capacities based on violations of Title IX and the Equal Protection clause of the United States Constitution.

**IT FURTHER ORDERED** denying Defendants' motion to dismiss Plaintiff's § 1983 (Doc. #15) claims in all other respects.

**IT IS FURTHER ORDERED** granting Defendants' Second Motion to Dismiss (Doc. #27) any Title IX claims against the individual defendants.

DATED this 15th day of May, 2008.

James A. Teilborg
United States District Judge